IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| WEBVENTION HOLDINGS LLC and | ) |
| WEBVENTION LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Novartis Corporation ("Novartis") files this complaint for declaratory judgment against Defendants Webvention Holdings LLC and Webvention LLC (collectively "Webvention") and alleges as follows:

### THE PARTIES

1. Novartis Corporation is a New York corporation having a principal place of business at 608 5th Avenue, New York, New York. Novartis Corporation regularly engages in business in this judicial district.

2. Novartis through its wholly-owned subsidiaries offers innovative medicines, cost-saving generic pharmaceuticals, preventive vaccines, diagnostic tools, consumer health products, and other healthcare solutions that address the evolving needs of patients and societies.

3. Webvention Holdings LLC is a Delaware limited liability company and the parent company of Webvention LLC. Webvention Holdings LLC can be served with process through its registered agent Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware 19801.

4. Webvention LLC is wholly-owned by Webvention Holdings LLC and a Texas limited liability company with its principal place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670. Webvention LLC can be served with process through its registered agent Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701.

5. Webvention LLC is the owner and assignee of U.S. Patent No. 5,251,294 ("the '294 Patent") entitled "Accessing, assembling, and using bodies of information," which issued October 5, 1993. A true and correct copy of the '294 Patent is attached hereto as Exhibit A.

6. According to the Certificate of Formation of Webvention LLC, dated November 3, 2009, Webvention Holdings LLC is the manager of Webvention LLC.

7. According to the Agreement and Plan of Merger, dated November 9, 2009, through which, upon information and belief, Webvention LLC obtained the '294 Patent, Webvention Holdings LLC is the agent of Webvention LLC.

8. According to the Agreement and Plan of Merger, "Webvention Holdings LLC, a Delaware LLC is the sole member of each of the Constituent Companies" Ferrara and Webvention.

9. According to the Agreement and Plan of Merger, "As of the effective date of the merger Webvention Holdings LLC shall remain the sole member of the surviving company" Webvention LLC.

10. Webvention Holdings LLC executed the Agreement and Plan of Merger as the only manager and member of Webvention LLC.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*

12. This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, because there is a case of actual controversy within the Court's jurisdiction to provide a declaratory judgment that Novartis does not infringe the '294 Patent.

13. Webvention Holdings LLC is subject to personal jurisdiction in Delaware because Webvention Holdings LLC has submitted itself to the jurisdiction of courts in Delaware by virtue of its incorporation under Delaware law.

14. Upon information and belief, Webvention LLC is subject to personal jurisdiction in Delaware because, *inter alia*, Webvention Holdings LLC, which is incorporated in Delaware, is the parent of Webvention LLC, is the agent of Webvention LLC, exercises control over Webvention LLC, is the sole member Webvention LLC, and created Webvention LLC for the purpose of owning and enforcing the '294 Patent.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

16. On August 4, 2010, Todd Schmidt of Webvention LLC sent a letter to Thomas Werlen, the General Counsel of Novartis AG. A copy of this letter is attached hereto as Exhibit B.

17. The August 4, 2010 letter stated that "[w]e have reviewed Novartis' website at www.thinkwhatspossible.us, and have prepared the enclosed claim chart demonstrating how the

website utilizes claims 28, 37, and 40 of the '294 patent. The screen shots used in the charts are representative only. In addition to the charted claims, you should consider claims 29, 31-33, 41-44, 47, 53, 55, and 64. Depending on how the website was constructed, claims 1-8, 12-21, and 78 may also be utilized during the design and programming of the website, as well as other internal systems to organize and access information."

18. The August 4, 2010 letter stated that "[f]or the next 45 days, Webvention is willing to license the '294 patent for a one-time, fully paid-up licensing fee of $80,000.00 for a non-exclusive, company-wide right to use Webvention's technology." The 45-day period expires September 18, 2010.

19. The August 4, 2010 letter stated that Webvention has "retained The Davis Firm, P.C. (www.bdfirm.com) based in Longview, Texas, to assist the company in the licensing of the '294 patent."

20. The August 4, 2010 letter stated that "Webvention Licensing LLC reserves all rights with regard to the '294 patent, including: (1) the right to seek damages anytime within the last six years that your company started to make use of Webvention's patented technology."

21. On July 20, 2010, Webvention filed a lawsuit against 19 companies alleging infringement of the '294 Patent. That case is styled *Webvention LLC v. Abercrombie & Fitch, Co., et al.*, Case No. 2:10-cv-253-TJW-CE and is pending in the Eastern District of Texas, Marshall Division.

22. Upon information and belief, Webvention LLC is solely a licensing entity, and without enforcement it receives no benefits from the '294 Patent.

23. Therefore, an actual controversy exists between Novartis and Webvention with respect to whether Novartis's website www.thinkwhatspossible.com infringes the '294 Patent.

24. Novartis reasonably believes that, under all the circumstances, there is a substantial controversy between Novartis and Webvention of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

25. The allegations of paragraphs above are incorporated by reference as if fully set forth herein.

26. Novartis's website www.thinkwhatspossible.com does not infringe any claim of the '294 Patent.

27. The '294 Patent includes 15 independent claims: claims 1, 2, 22, 28, 58, 59, 64, and 70 through 77.

28. Independent claims 1 and 74 of the '294 Patent recite "assembling said customized body of information in response to choices of information segments made by said user."

29. Novartis's www.thinkwhatspossible.com website does not assemble a customized body of information in response to choices of information segments made by said user.

30. Independent claims 2 and 75 of the '294 Patent recite "simultaneously while displaying said information content of a segment corresponding to a label to which the user is pointing, displaying information content for a segment corresponding to a label to which the user had previously pointed."

31. Novartis's www.thinkwhatspossible.com website does not simultaneously display any information content for a segment corresponding to where a user is pointing and information content for a segment corresponding to a location to which the user had previously pointed.

32. Independent claims 22 and 76 of the '294 Patent recite "adjusting the boundaries of at least one of said segments."

33. Novartis's www.thinkwhatspossible.com website does not adjust the boundaries of any segments.

34. Independent claims 28 and 77 of the '294 Patent recite "labels being displayed in an organized model reflecting relationships among information contents of said corresponding segments."

35. Independent claim 58 of the '294 Patent recites "labels being arranged in an organized model reflecting relationships among corresponding said segments."

36. Novartis's www.thinkwhatspossible.com website does not display or arrange any purported labels in an organized model reflecting relationships among information contents of said corresponding segments or among corresponding said segments.

37. Independent claims 59 and 70 of the '294 Patent recite actions that must be taken "in response to a user requesting assistance in the course of using said program."

38. Novartis's www.thinkwhatspossible.com website does not take any action in response to a user's request for assistance, or allow for a user to request assistance.

39. Independent claims 64 and 71 of the '294 Patent recite taking action "in response to user commands."

40. Novartis's www.thinkwhatspossible.com website does not allow for a user to give commands, or to take any action in response to user commands.

41. Independent claims 72 and 73 of the '294 Patent recite "altering the organization of the labels in accordance with a revision of said model in response to said second user."

6

42. Novartis's www.thinkwhatspossible.com website does not provide for altering the organization of any part of the website in response to a user.

43. For these reasons and for other reasons, Novartis's www.thinkwhatspossible.com website does not infringe either directly or indirectly any claim of the '294 Patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Novartis prays that:

A. The Court declare that Novartis does not infringe the '294 Patent;

B. The Court issue a permanent injunction prohibiting Webvention and anyone acting in privity or in concert with Webvention from charging infringement or instituting any legal action for infringement of the '294 Patent against Novartis or anyone acting in privity with Novartis;

C. Novartis be awarded its costs in this action;

D. Novartis be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

E. Novartis be awarded such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

Novartis hereby demands a trial by jury in this action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Fisch
Coke Morgan Stewart
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, DC  20005-2327
Tel:  (202) 682-3500
alan.fisch@kayescholer.com
coke.stewart@kayescholer.com

Dated: September 17, 2010
982725 / 36065

By:  /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Novartis Corporation*